**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **EVANGELITA MONTANEZ,** | ) | **Case No. 1:18-CV-01378-CAB** |
| | ) | |
| **Plaintiff,** | ) | **Judge Christopher A. Boyko** |
| | ) | |
| **v.** | ) | **Magistrate Judge William H. Baughman, Jr.** |
| | ) | |
| **VOSS INDUSTRIES, LLC, and TECHNICAL SEARCH CONSULTANTS, INC.,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, OR IN
THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**

Now comes Defendant Voss Industries, LLC ("Voss" or "Company"), by and through its undersigned counsel, and respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Evangelita Montanez's ("Plaintiff") First Amended Complaint ("FAC") in its entirety, or in the alternative, pursuant to Local Rule 23.1(c), Fed. R. Civ. P. 23(c)(1)(A) and 23(D)(1)(D), to strike the class allegations in the FAC.  The legal arguments and authority in support of this Motion are set forth in the accompanying Memorandum In Support.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ *Mathew A. Parker*
Steven M. Loewengart (0039086)
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425
(614) 221-1409 Fax
sloewengart@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendant Voss Industries, Inc.*

## MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

The FAC should be dismissed under Rule 12(b)(6) because her allegations, including the collective and class action ones, are merely threadbare recitals of the elements of her unpaid overtime claims and the requirements for collective and class certification.  Such bare-bones allegations fail to cross the line between the conclusory and the factual as well as the merely possible and the plausible.  As such, dismissal of the FAC is warranted.

Even if the Court considers the FAC factually sufficient to survive a motion under Rule 12(b)(6), Plaintiff's class action allegations should still be stricken.  It is obvious from the nature of Plaintiff's unpaid overtime claims that she cannot satisfy Rule 23's rigorous standards, and no amount of discovery will enable her to clear that hurdle.  Among other problems apparent from the face of the FAC, the variety of factual and legal questions particular to Plaintiff and the three Opt-Ins (who hold 3 different job positions), not to mention each member of the putative class, presented by the off-the-clock pre-shift and post-shift unpaid overtime claims will inevitably devolve into the myriad mini-trials that Rule 23 seeks to prevent.  As such, striking the class allegations is appropriate at the pleading stage.

### II.     FACTS ALLEGED BY PLAINTIFF IN THE FAC

Plaintiff alleges that she was employed by Voss as a material handler from December 2017 to March 2018.  FAC, Doc. #: 10, PageID #: 63, ¶ 18.  In this position, Plaintiff was paid an hourly wage, *id.*, PageID #: 64, ¶ 24, and she alleges that she was not paid for off-the-clock pre-shift and post-shift activities, including (1) getting tools and equipment, (2) walking to and from her assigned area, (3) getting information from other employees, and (4) performing production work, *id.* at ¶ 24.  Plaintiff alleges that the pre-shift and post-shift off-the-clock activities amounted to approximately 20 to 30 minutes each day.  Plaintiff brings claims for unpaid overtime wages

related to the alleged pre-shift and post-shift off-the-clock activities on behalf of herself as well as former and current "manufacturing employees" who she alleges were jointly employed by Voss and Defendant Technical Search Consultants, Inc. ("TSC"), between June 15, 2015, and the present, and held positions including, but not limited to, material handler, engineering assistant and CNC operator. *Id.*, PageID #: 63-64, ¶¶ 17-23; *id.*, PageID #: 66, ¶ 35.

## III.  LAW & ARGUMENTS IN SUPPORT OF MOTION TO DISMISS

### A.  Legal Standard Under Rule 12(b)(6)

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although Fed. R. Civ. P. 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56.

A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555-56. Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancement[s]"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of her entitlement to relief "rather than a blanket assertion." *Twombly*, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

**B.     The FAC is Factually Deficient to Plead a Claim under the FLSA.[1]**

To state a claim for unpaid overtime wages under the FLSA, Plaintiff must allege, among other things, that (1) she was employed by Voss, (2) she worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty, and (3) Voss knew or should have known that she was working overtime without pay.  *Grosswiler v. Freudenberg-Nok Sealing Techs.*, 642 Fed.Appx. 596, 598 (6th Cir. 2016).

Following *Iqbal* and *Twombly*, federal courts in unison hold that plaintiffs are not required to "plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641, 645 (9th Cir. 2014).  However, they have "diverged somewhat" as to the degree of specificity required to state a plausible claim for an FLSA overtime violation. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("in order to state a plausible

---

[1] "Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA." *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 732 (S.D. Ohio 2006), aff'd, 225 F. App'x 362 (6th Cir. 2007); *see also Kollstedt v. Princeton City Sch. Bd. of Educ.*, No. 1:08-C-V00822, 2010 WL 597825, at *9 (S.D. Ohio Feb. 17, 2010) (the OMFWSA "contains requirements identical to those in the FLSA and incorporates the procedures and standards contained therein.").  Therefore, Voss's arguments that Plaintiff has insufficiently pleaded her claims under the FLSA apply equally to her claim under the Ohio Minimum Fair Wage Standards Act. *See Mitchell*, 428 F. Supp. 2d at 732.

FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours")

The First, Second, Third, and Ninth Circuits require plaintiffs to plead specific facts with regard to at least one specific workweek in which a violation occurred to establish a basis for FLSA liability post-*Iqbal* and *Twombly*. *See Landers*, 771 F.3d at 641 (requiring that, at a minimum, the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) (concluding that plaintiffs failed to state a claim under the FLSA where they failed to allege "a single workweek in which [they] worked at least forty hours and also worked uncompensated time in excess of forty hours."); *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013) (affirming dismissal of complaint that alleged plaintiff worked overtime in "some or all workweeks" but not a given workweek); *Pruell v. Caritas Christi*, 678 F.3d 10, 13-15 (1st Cir. 2012) (concluding that plaintiffs failed to state an overtime claim by alleging that they "regularly worked hours over 40 in a week and were not compensated for such time").

The Sixth Circuit has not yet provided a post-*Iqbal* and *Twombly* pleading standard for claims under the FLSA. As a result, some district courts in the Sixth Circuit have been more lenient and allowed actions to go forward in which plaintiffs have pleaded, for example, unpaid or undercompensated hours worked in an average workweek. *See e.g. Comer v. Directv, LLC*, No. 2:14-CV-1986, 2016 WL 853027, *10 (S.D. Ohio March 4, 2016) (holding plaintiffs adequately pleaded their unpaid overtime by alleging they were misclassified as independent contractors and approximating their weekly hours); *Potts v. Nashville Limo & Transp., LLC,* No. 3:14-CV-1412, 2014 WL 7180164, at *3 (M.D. Tenn. Dec. 16, 2014) (denying defendant's motion to dismiss where plaintiffs alleged that defendants employed them, described their job functions, stated a

range of rates at which they were paid, alleged that they were paid less than the minimum wage, and roughly described when they were deprived of pay). Others have been more stringent and require plaintiffs to "do more than parrot the text of a statute or the elements of a claim," *Hall v. Plastipak*, 2015 WL 5655888, *3 (E.D. Mich. Sept. 25, 2015), and "[w]here the plaintiff alleges violations of the FLSA's ... overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received," *Gifford v. Meda*, No. 09-13486, 2010 WL 1875096, at *22 (E.D. Mich. 2010).

As discussed more fully below, regardless of whether the Court applies the more stringent or lenient standard, Plaintiff has not pleaded sufficient facts to state a plausible claim for unpaid overtime related to the alleged pre-shift or post-shift off-the-work activities. Specifically: (1) while she alleges that she is owed overtime for pre-shift and post-shift off-the-clock work, Plaintiff provides no factual allegations to support that conclusion; (2) Plaintiff failed to make any factual allegations that Voss (or TSC) knew or should have known about the alleged unpaid off-the-clock work; (3) Plaintiff failed to assert any factual allegations to support her conclusory statement that Voss (or TSC) had a policy or practice requiring employees to perform pre-shift or post-shift activities for which they were not paid; and (4) Plaintiff failed to allege facts about the nature of her principal job duties, or those of the individuals that she seeks to represent, that would render the alleged pre-shift and post-shift off-the-clock activities plausibly compensable.

### 1. Plaintiff's factual allegations are insufficient to make out a plausible claim that she performed overtime work without pay.

To allege that she was not paid overtime, Plaintiff states only that she was not paid for certain pre-shift and post-shift off-the-clock activities, FAC, Doc #: 10, PageID #: 64, ¶ 25, that these activities "amounted to approximately 20 to 30 minutes each day," *id.*, PageID #: 65, ¶ 28, and that she "was not compensated for all the time [she] worked, including all of the overtime

hours [she] worked over 40 each workweek," *id.*, ¶ 30. However, Plaintiff does not ever allege that she worked in excess of forty hours a week regularly or on any particular week, or the rate at which she was paid, other than allege she was paid "an hourly wage." *Id.*, PageID #: 64, ¶ 24. Nor does she provide any facts whatsoever about her work schedule, like her approximate weekly hours, which would permit a plausible inference that the alleged pre-shift and post-shift off-the-clock activities resulted in any amount of unpaid overtime. Plaintiff also provides no detail about how Voss failed to compensate her for any alleged pre-shift or post-shift off-the-clock work.

Plaintiff's foregoing allegations are too threadbare to state a plausible claim under the FLSA. *See e.g. Simpson v. Baskin*, No. 3:17-cv-01077, 2018 WL 1070897, at *7-9 (M.D. Tenn. Feb. 26, 2018) (finding insufficient plaintiff's allegations that she worked "7 days a week without any monetary benefits, which included overtime most days," is owed "back wages of $292,022.00 that include ... overtime payments," and worked "full-time"). Plaintiff essentially alleges only that she is owed overtime, but provides no facts to support that conclusion. This falls well-short of allegations that have been found sufficient in other cases in this Circuit, even under a more lenient pleading standard. *See e.g. Bey v. WalkerHealthCareIT, LLC*, No. 2:16-CV-1167, 2018 WL 2018104, *5 (S.D. Ohio May 1, 2018) (plaintiff's allegations were sufficient to plead unpaid overtime under FLSA where she alleged she was routinely scheduled to work 45 hours per week, but was paid her standard hourly rate for hours over 40); *Hill v. Meda Painting & Refinishing, Inc.*, 2017 WL 1132206, at *4 (E.D. Mich. Mar. 27, 2017) (plaintiffs adequately pleaded that they worked overtime by alleging that "they 'routinely worked over 40 hours per week'"); *Comer v. Directv, LLC*, No. 2:14-CV-1986, 2016 WL 853027, *9-10 (S.D. Ohio March 4, 2016) (technicians "adequately plead[ed] their unpaid overtime by approximating their weekly hours"); *Mabry v. Directv, LLC*, No. 3:14-cv-00698, 2015 WL 5554023, at *4 (W.D. Ky. Sept. 21, 2015)

(plaintiffs who estimated that average workweek during the employment period was 50 to 60 hours successfully alleged that they had worked overtime); *Roberts v. Corrs. Corp. of Am.*, No. 3:14–CV–2009, 2015 WL 3905088, at *5-8 (M.D. Tenn. June 25, 2015) (finding that plaintiffs who claimed that they regularly worked over the scheduled 40 hours per week had adequately alleged working overtime).

As set forth above, Plaintiff barely acknowledges that she ever worked more than 40 hours in any workweek and was not paid for it, and her only factual allegation related to overtime is that "[she] was not compensated for all of the time [she] worked, including all of the overtime hours [she] worked over 40 each workweek."  Compl., Doc. #: 1. PageID #: 4, ¶ 21.  Without any minimum factual details, Plaintiff's allegations fail to cross the line from possible to plausible, and thus do not adequately state a claim that she worked unpaid overtime under the FLSA.  As such, the FAC should be dismissed.

### 2. Plaintiff asserts no factual allegations regarding Voss's actual or constructive knowledge of the alleged unpaid overtime.

To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Here, as noted above, Voss's knowledge is an essential part of Plaintiff's off-the-clock unpaid overtime claim.  However, the FAC makes no plausible factual allegations at all regarding Voss's knowledge that Plaintiff was working any off-the-clock overtime without pay.  Indeed, other than conclusory statements, there are no allegations, for instance, that Voss's supervisors observed off-the-clock or encouraged, instructed or otherwise required it or that Voss was informed of any off-the-clock.  Because the FAC lacks any direct or inferential factual allegations related to Voss's knowledge, it is factually deficient, and should be dismissed.

###### 3.      *Plaintiff fails to plead factual allegations regarding how Voss's timekeeping practices violate the FLSA.*

Plaintiff's unpaid off-the-clock overtime claim should be dismissed because she failed to assert any factual allegations to support her conclusory statement that Voss had a policy or practice requiring employees to perform pre-shift and post-shift off-the-clock activities for which they were not paid.  In this regard, Plaintiff does not allege any express policy or any facts amounting to de facto policy of requiring the alleged off-the-clock pre-shift or post-shift activities.  Indeed, her only allegations on this point are that (1) "[a]s a result of Defendant's practices and policies, I was not compensated for all of the time I worked, including all of the overtime hours I worked over 40 each workweek," FAC, Doc. #: 10. PageID #: 66, ¶ 30, and (2) "Defendant's failure to keep records of all of the hours worked . . . violated the FLSA," *id.* PageID #: 69, ¶ 48.  These bare and conclusory allegations do not provide any detail as to how Voss's timekeeping practices allegedly violated the FLSA, and are insufficient to survive scrutiny under Fed. R. 12(b)(6).  *See e.g., Schwartz v. Victory Security Agency, LP,* No. 11-cv-0489, 2011 WL 2437009 (W.D. Pa. June 14, 2011) (finding insufficient the plaintiff's allegations that the defendant failed to record time spent on pre-shift and post-shift work and had a policy that improperly shifted the burden to the plaintiff to keep accurate time records).

Furthermore, notwithstanding the fact that Plaintiff did not identify any express or de facto policy in the FAC, the facts she alleged do not suggest the existence of any such policy that applied uniformly to each of the 3 discrete job positions that Plaintiff seeks to represent.  What is more, the existence of such a widespread policy across such a diverse group of job positions (whose job duties, hours, tasks, supervisors, etc. presumably share no common ground) is not plausible.  As a result, the Court should dismiss the FAC.

### 4.    *Plaintiff fails to plead facts to plausibly show that the alleged pre-shift or post-shift activities are compensable.*

Generally, the Portal-to-Portal Act excludes activities that are "preliminary to or postliminary to said principal activity or activities" from compensation.  29 U.S.C. § 254(a)(2). This exclusion applies to those activities that are undertaken "for [the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer."

Here, the FAC describes a circumstance under which it is merely *possible* that an FLSA violation either did or did not occur.  *See e.g.* FAC, Doc #: 10, PageID #: 64, ¶ 25 (alleging pre-shift or post-shift off-the-clock activities consisted of getting tools and equipment, walking to and from an assigned work area, getting information from others, and/or performing production work). Indeed, depending on the nature of each of the 3 job positions at issue here, it is possible that the pre-shift or post-shift activities described in the Complaint are not compensable under the FLSA. *See* e*.g.* 29 U.S.C. § 254(a) (non "principal" preliminary or postliminary work is not compensable); 29 C.F.R. §§ 785 *et seq.* (describing various types of time which may or may not be compensable). At this stage, however, it is unclear from the FAC whether the alleged pre-shift and post-shift activities are plausibly compensable since Plaintiff fails to allege even basic facts about the nature of her principal job duties as a materials handler or those of the individuals holding other positions that she seeks to represent.  Thus, the FAC is wanting in details of facts rendering it *plausible* that the specific pre-shift and post-shift activities described in the FAC were compensable worktime (i.e., that such activities were integral and indispensable tasks necessary to perform the 3 different jobs identified in the FAC), as opposed to non-compensable activities.  *See e.g. Pruell*, 678 F.3d at 14.  Due to this fatal defect, the Court should dismiss the FAC.

Based on the foregoing, it is obvious that Plaintiff's allegations in the FAC are merely threadbare recitals of the elements of her claims and the requirements for certification. As such allegations are insufficient, and the FAC should be dismissed.

## IV. LAW & ARGUMENTS IN SUPPORT OF ALTERNATIVE MOTION TO STRIKE

Even if the Court considers the FAC factually sufficient under Rule 12(b)(6), the class action allegations under Rule 23 should still be stricken prior to discovery.

### A. Legal Standard

Courts may issue orders that "require the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D). "Rule 23(d)(1)(D) allows a court to 'purge class allegations from the[] pleadings.'" *Faktor v. Lifestyle Lift*, No. 1:09-cv-511, 2009 WL 1565954, *1 (N.D. Ohio June 3, 2009) (quoting 5-23 Moore's Federal Practice – Civil § 23.145). "Striking deficient class allegations comports with Rule 23's directive that courts determine whether a class may be certified '[a]t an early practicable time.'" *Colley v. P&G*, No. 1:16-cv-918, 2016 WL 5791658, *2 (S.D. Ohio Oct. 4, 2016); *Faktor*, 2009 WL 1565954, *2.

A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011); *see also* L. R. 23.1(c) ("Nothing in this Rule shall preclude any party from moving to strike the class action allegations."). This is particularly true where discovery will not "alter the central defect in th[e] class claim." *Id.* at 949; *see also Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, *2 (S.D. Ohio Mar. 31, 2015); *Rikos v. Procter & Gamble Co*., No. 1:11-cv-226, 2012 WL 641946, *4 (S.D. Ohio Feb. 28, 2012).

"Given the huge amount of judicial resources expended by class actions, particular care in their issuance is required." *Pipefitters Local 636 v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011).  Because the class action is "an exception" to the rule that litigation is conducted on behalf of "individual named parties only," a proposed class must satisfy several "rigorous" standards.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

"The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  The Sixth Circuit has stated that "[m]ere repetition of the language of Rule 23(a) is not sufficient." *Id*.  "There must be an adequate statement of the basic facts to indicate that each requirement is fulfilled." *Id.*

First, a class must satisfy all four of Rule 23(a)'s prerequisites: (1) numerosity, (2) commonality, (3) typicality, and (4) adequate representation.  *See Id.*  Second, the class must fall within one of the three categories listed in Rule 23(b).  *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).  Since Plaintiff seeks monetary damages, she must also satisfy Rule 23(b)(3), which requires her to establish that questions of law or fact common to class members predominate over any questions affecting only individual class members and that a class action is superior to other available methods to fairly and efficiently adjudicate the dispute.  Fed. R. Civ. P. 23(b)(3).  A failure on any of the requirements of Fed. R. Civ. P. 23 "dooms the class." *Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 946 (6th Cir. 2011).

As discussed below, at this stage, it is clear from the face of the FAC that she cannot satisfy Rule 23's commonality, typicality, predominance and superiority requirements.  Because no amount of discovery will cure these defects, Plaintiff's class allegations should be stricken.

**B.**     **Plaintiff's Off-the-Clock Claims are Not Suitable for Class Treatment Irrespective of Discovery.**

      *1.*     *Plaintiff Cannot Satisfy Rule 23(a)(2) Commonality and Rule 23(b)(3) Predominance.*

Fed. R. Civ. P. 23(a)(2), the "commonality" requirement, requires Plaintiff to show that "there are questions of law or fact common to the class."  The Supreme Court has interpreted this requirement to mean that the claims of the purported class must depend on a common contention that is "of such a nature that it is capable of classwide resolution – which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011).  Put differently:

> What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id*.

Additionally, under Fed. R. Civ. P. 23(b)(3), Plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members."  The predominance inquiry is far more stringent than the commonality requirement.  *In re Am. Med Sys., Inc.*, 754 F.3d at 1084.  It requires the Court to consider the factual particularities of the elements of the underlying claims and the defenses to those claims as well as to consider how a trial on the merits would be conducted if a class were certified.  *See, e.g., Id.* at 1084-1085; *Rodney v. Nw. Airlines, Inc.*, 146 F App'x 783 (6th Cir. 2006).  The claims and defenses can create individual questions of fact or law that predominate over common questions and preclude class certification.  *See e.g. Ortiz v. Fireboard Corp.*, 527 U.S. 815, 844 n. 20 (1999); *In re Am. Med Sys., Inc.*, 754 F.3d at 1081; *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, *Federal Practice and Procedure § 1785* (3d ed. 2005) (stating courts must "consider what will have to be proved at trial and whether those matters can be presented by common proof or whether individual proof will be required")).  In other words, the Court must ask: can a *prima facie* showing of liability and the defenses to it be proved by common evidence or will this showing vary from class member to class member?

Both the commonality and predominance requirements depend on the nature of the claims asserted.  *See e.g. In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838 (2013) (6th Cir. 2013).  To prove the off-the-clock claim, among other things, Plaintiff, and the purported class, will have to "show that [they] worked in excess of forty hours in a week and that [Voss] knew or should have known that [they were] working overtime or, better yet, [they] should report the overtime hours [themselves]."  *Grosswiler*, 642 Fed.Appx. at 598; *see also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 872 (6th Cir. 2012) ("where an employer has no knowledge that an employee is engaging in overtime work and the employee fails to notify the employer . . ., the employer's failure to pay for the overtime hours is not a violation of" the statute).

Here, Plaintiff cannot satisfy the commonality and predominance requirements of Rule 23 because the claims and defenses will require evidence that is not common to Plaintiff and the putative class.  As described above, in order to prove their off-the-clock claims, Plaintiff and the putative class will require individualized evidence of whether each one worked more than 40 hours per week, worked time that was not recorded, and was not paid for that time.  More importantly, and fatal to the class claims, Voss's defenses will be highly individualized, particularly as it relates to whether the Company had actual or constructive knowledge that Plaintiff and the purported class were working off-the-clock without compensation.  On this point, the FAC fails to make any allegation whatsoever as to Voss's knowledge.  It also makes no allegation, other than a generic

one, of any express or de facto policy of Voss requiring off-the-clock work.  Notwithstanding those fatal pleading defects, given that Plaintiff's purported class definition encompasses at least 3 discrete job positions with vastly different job duties, departments, supervisors, shifts, etc., such knowledge will presumably vary from class member to class member, job to job, supervisor to supervisor, department to department, shift to shift, etc.  Additionally, the individual actions of Plaintiff and the putative class, such as whether they failed to report off-the clock work and request compensation for it, will give rise to additional individualized defenses to the claims.  In other words, the Court will have to make individualized inquiries into the nature of each putative class member's claim before making a determination of unlawful conduct.  The variety of these factual and legal questions particular to Plaintiff and each member of the putative class will inevitably require "the myriad mini-trials that Rule 23(b)(3) seeks to prevent."  *Sandusky Wellness Ctr. v. ASD Specialty Healthcare*, 863 F.3d 460 (6th Cir. 2017).  Thus, the very nature of Plaintiff's off-the-clock claims shows that she cannot satisfy the predominance prong.

Plaintiff also cannot satisfy the commonality requirement because she does not identify any single common policy or practice that allegedly violated the law.  *See Dukes*, 564 U.S. at 355-56 (commonality can be satisfied by a uniform practice that violates the law).  Here, while the FAC generically refers to Defendant's practices and policies, FAC, Doc #: 10, PageID #: 65, ¶ 29, Plaintiff has not identified any kind of uniform express or de facto policy of Voss requiring Plaintiff and the purported class to work off-the-clock without pay.  As discussed above, the Sixth Circuit requires more of Plaintiff than to merely recite the language of Rule 23.  Plaintiff must provide an adequate statement of basic facts indicating the commonality requirement can be fulfilled, which she failed to do.  Since Plaintiff has not (and cannot) identify a uniform policy or practice, she fails to satisfy commonality on the face of the FAC.

Next, Plaintiff's "common questions" are insufficient to satisfy commonality.  Here, Plaintiff identifies generic "common" questions which can be distilled down to: (1) whether Voss failed to pay overtime compensation in violation of Ohio law, and (2) what amount of monetary relief will compensate Plaintiff and the purported class.  Compl., Doc #: 1, PageID #: 5, ¶ 29(a)-(b).  But, the Supreme Court has recognized that "[a]ny competently crafted class complaint literally raises common 'questions.'"  *Dukes*, 564 U.S. at 349 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 131-132 (2009).  In doing so, the Supreme Court said that "[r]eciting [the following] questions is not sufficient to obtain class certification[:]"

> Do all of us plaintiffs indeed work for Wal-Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get?

*Id.* at 349-50.  Plaintiff's common questions are nearly indistinguishable from those cited above. Since the Supreme Court has explicitly stated that such questions are insufficient to obtain class certification, Plaintiff fails to meet the commonality requirement on the face of the FAC.

Finally, in the FAC, Plaintiff states that she seeks to represent "all former and current manufacturing employees of Voss," FAC, Doc #: 10, PageID #: 66, ¶ 35, which she alleges includes, but is not limited to, "material handlers, engineering assistants, and CNC operators," *id.*, PageID #: 64, ¶ 19.  However, Plaintiff failed to describe the duties of the material handler position she held relative to the duties of the other positions of engineering assistant and CNC operator.  It is highly implausible that the duties of these 3 discrete positions are similar.  Thus, it is clear from the face of the FAC that there are such dissimilarities in the proposed class definition that could "impede the generation of common answers apt to drive the resolution of the litigation."  *See Nielson v. Sports Authority*, 2012 WL 5941614, at *3 (N.D. Cal. 2012) (citing *Dukes*, 564 U.S. at 350; *see also Kelley v. SBC, Inc.*, 1998 WL 1794379, at *15 (N.D. Cal. 1998) (finding that

commonality only existed as to class members who shared the job positions actually held by the plaintiff)).  This provides yet another basis for Plaintiff's inability to establish commonality under Rule 23(a), and, as such, the class allegations should be stricken in their entirety.

Based on the foregoing deficiencies, which are clear from the face of the FAC and cannot be cured by any amount of discovery, the Court should strike Plaintiff's class allegations.

### 2.    *Plaintiff Cannot Satisfy Rule 23(b)(3) Superiority.*

The second inquiry under Rule 23(b)(3) calls for the Court to determine whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Relevant factors to be considered in making this determination include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, for the reasons discussed above regarding individualized proof of claims and defenses, and particularly with regard to factor (D) of Rule 23(b)(3), a class action would not be the superior method for resolving the purported class claims.  *See, e.g. Doyel v. McDonald's Corp.*, No. 4:08-CV-1198, 2010 WL 3199685, *9 (E.D. Mo. Aug. 12, 2010) (because of the lack of common proof due to each class member having to establish each instance of off-the-clock work individually, finding no superiority where case "would devolve into a series of mini-trials for each class member and each instance of alleged time shaving or off-the-clock work.").  Because of the nature of the off-the-clock claims here, from the face of the FAC it is clear that the superiority

prong cannot be met, and discovery will not cure this failure. Thus, the Court should strike the class allegations.

### 3. Plaintiff Cannot Satisfy Rule 23(a)(3) Typicality.

Rule 23(a)(3) requires that the "claims or defense of the representative parties" be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). In other words, typicality is satisfied if the class members' claims are "fairly encompassed by the named plaintiffs' claims." *Sprague*, 133 F.3d at 399 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082). "This requirement insures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." *In re Whirlpool Corp. FrontLoading Washer Prod. Liab. Litig.*, 722 F.3d 838, 852-53 (6th Cir. 2013).

Here, Plaintiff seeks to represent all manufacturing employees, including, but not limited to, material handler, engineering assistant and CNC operator. However, as noted above, Plaintiff only held the position of material handler, and none of the others. Since she did not hold those other positions, it is clear from the face of the FAC that Plaintiff cannot establish that her claims are typical of the purported class. *See, e.g., Tijero v. Aaron Brothers, Inc.*, No. C 10-01089-SBA, 2013 WL 60464, *5 (N.D. California Jan. 2, 2013) (finding typicality lacking where plaintiffs failed to identify all positions they sought to represent, failed to describe duties of those positions, and sought to represent employees in positions that neither of them held).

Moreover, based on the FAC, Plaintiff's theory on typicality is that the "the claims arise out of the same uniform course of conduct" and are "based on the same legal theories."  FAC, Doc. #:10, PageID #: 69, ¶ 42.  Though Plaintiff failed to elaborate on this vague and conclusory assertion, if it is acceptable at all, then it should be limited to the position that Plaintiff actually held.  *See Tijero*, 2013 WL 60464 at *5 (collecting cases).  As such, Plaintiff cannot satisfy typicality, and the class allegations should be stricken.

Finally, the claims are only typical of one another if, essentially, proof of Plaintiff's factual circumstances will also automatically prove the claims of all other members of the class.  And as discussed more fully above, here, there at least 3 discrete job positions with vastly different job duties, departments, supervisors, shifts, etc.  Given that reality, it is impossible to fathom how proof of Plaintiff's experience will automatically prove that of others.

Based on the foregoing, it is clear at the pleading stage that Plaintiff cannot satisfy, in the very least, Rule 23's requirements of commonality, typicality, predominance and superiority requirements.[2]  No amount of discovery will enable Plaintiff to cure these defects.  As such, Plaintiff's class allegations should be stricken.

## V.  CONCLUSION

For the reasons set forth herein, Voss respectfully requests that the Court dismiss the FAC in its entirety; however, should the Court find Plaintiff's factual allegations sufficient for Rule 12(b)(6), Voss respectfully requests that the Court strike Plaintiff's class allegations.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ *Mathew A. Parker*

---

[2] Even though they are not addressed in this Motion, Voss does not waive any rights to contest Plaintiff's ability to satisfy the other requirements of Rule 23, like adequacy and numerosity.  Voss's position is that even limited discovery would demonstrate that Plaintiff cannot satisfy some or all of them.

Steven M. Loewengart (0039086)
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425
(614) 221-1409 Fax
sloewengart@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendant Voss Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2018, a copy of the foregoing Motion to Dismiss the First Amended Complaint, or in the Alternative, to Strike Class Allegations & Memorandum In Support were filed electronically with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties.  Parties may access this filing through the Court's CM/ECF system.

/s/ *Mathew A. Parker*
Mathew A. Parker (0093231)

*Counsel for Defendant Voss Industries, Inc.*