# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EVANGELITA MONTANEZ, on behalf of herself and all others similarly situated ) ) ) | CASE NO.1:18CV1378 |
| Plaintiff, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | |
| VOSS INDUSTRIES, LLC., ET AL., ) ) | OPINION AND ORDER |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motions to Dismiss, or in the Alternative, to Strike Class Allegations by Defendant Voss Industries, LLC., (ECF # 19) and Defendant Technical Search Consultants, Inc. (ECF # 20). For the following reasons, the Court denies Defendants' Motions.

## Factual Allegations

According to Plaintiff's First Amended Complaint ("FAC"), Plaintiff was employed as a material handler between December 2018 and March 2018 with Defendant Voss Industries, LLC. ("Voss"), a manufacturer of specialized band clamps, V-band couplings, flanges, ducting components and other fabricated products. Defendant Technical Search

Consultants, Inc. ("TSC") is a temporary third-party staffing agency that supplies employees to Voss. Plaintiff alleges both Voss and TSC are joint employers of Plaintiff and the putative class. Putative class members include material handlers, engineering assistants and computer numerically controlled ("CNC") operators. According to Plaintiff, both Defendants had the authority to hire, fire and discipline Plaintiff and the putative class members and maintained employment, time and pay records of the putative class. Plaintiff further alleges Defendants controlled the manner in which Plaintiff and the putative class performed their work, the hours, location and how they performed their work and established policies and rules to be followed. Defendants also controlled the manner in which Plaintiff and the putative class were paid including the rate, method and time they were paid.

Plaintiff alleges Defendants failed to pay for work performed before the scheduled start and stop times and failed to pay for overtime in violation of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

Plaintiff brings these claims as a collective action under the FLSA and as a class action under the OMFWSA. Plaintiff asserts her FLSA claims collectively on behalf of eligible employees defined as:

> All former and current manufacturing employees of Voss Industries, LLC and/or Technical Search Consultants Inc. at any and all time between June 18, 2015 and the present.

Plaintiff's class action claim is brought on behalf of a class of Ohio employees defined as:

> All former and current manufacturing employees of Voss Industries, LLC and/or Technical Search Consultants Inc. in the State of Ohio at any and all time between June 18, 2015 and the present.

2

According to Voss, the FAC should be dismissed because it fails to allege sufficient facts to render her claims plausible. Should the Court consider the facts as alleged sufficient to support her claims, Voss asks the Court to strike the class claims because the First Amended Complaint allegations do not support class certification.

Voss contends that Plaintiff fails to allege facts supporting her conclusory statement that she was not paid overtime for pre-shift and post-shift off-the-clock work and fails to allege Defendants knew or should have known about the unpaid off-the-clock work. They further contend that Plaintiff fails to assert any factual allegations supporting her claim that Defendants had a policy or practice of requiring employees perform off-the-clock work and completely fails to assert any facts regarding her own job duties or those of the putative class. Lastly, Defendants ask the Court to strike Plaintiff's class claims as the nature of the claims themselves do not support Fed. R. Civ. P. 23's commonality, typicality, predominance and superiority requirements. The FAC fails to assert a common unlawful practice by Defendants that violates the FLSA and OMEFWSA and applied to the different job duties of the putative class. Furthermore, the evidence of damages will not be common to the class but will instead be highly individualized.

TSC argues the FAC should be dismissed because Plaintiff fails to allege sufficient facts to plausibly show TSC was a joint employer of Plaintiff and the putative class. As a temporary employee staffer, TSC did not control relevant aspects of Plaintiff's and the putative class's work. Plaintiff's threadbare allegations are conclusory in nature and cannot support her allegation that TSC was a joint employer. None of the consent forms name TSC as an employer and Plaintiff does not allege TSC had actual or constructive knowledge that

Plaintiff and the putative class members were not paid overtime wages.

TSC further contends the above defenses apply equally in favor of striking Plaintiff's class claims against TSC. TSC further adopts Voss's arguments for striking the class claims and asserts that the class claims be stricken for failing to allege that all members of the putative class were provided to Voss by TSC.

Plaintiff asserts she provided factual allegations sufficient to meet the federal pleading standard. She alleges facts sufficient to show that she worked more that 40 hours a week and was not paid for the overtime. She further alleges Defendants knew of the hours worked and, per Defendants policy or practices, did not pay Plaintiff and the putative class the statutorily required overtime pay.

Plaintiff further asserts her Complaint alleges facts supporting class and collective action claims including: that Plaintiff and other similarly situated manufacturing employees were not paid for all hours worked; that Plaintiff and the putative class were only paid for work performed between their scheduled start and stop times; Plaintiff and the putative class were not paid for getting tools and equipment, walking to and from assigned work areas, getting necessary information from the previous shift and for performing production work. Plaintiff further alleges she and the putative class were not paid at the statutory rate for overtime hours worked.

## **LAW AND ANALYSIS**

### **Standard of Review for Fed.R.Civ.P. 12(b)(6)**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016),

5

citing *Twombly*, 550 U.S. at 556.

**<u>Voss's Motion to Dismiss</u>**

Voss primarily argues the FAC does not allege sufficient facts to support both her FLSA collective action and her OMFWSA claims. Voss urges the Court to adopt the First, Second, Third and Ninth Circuit pleading requirement that a Plaintiff point the court to a specific workweek wherein an FLSA violation occurred. Voss acknowledges that the Sixth Circuit has not promulgated an FLSA pleading standard and points the Court to a number of cases where district courts within the Sixth Circuit have applied both the more exacting standard of the First, Second, Third and Ninth Circuits and cases where they have applied a more lenient standard. Voss further contends that under either the more stringent standard or the more lenient standard, Plaintiff's claims fail to allege facts supporting her conclusion she is owed overtime for pre and post shift work; that Voss and/or TSC knew or should have known she was not being paid for overtime work; fails to allege facts supporting her claim that Voss and/or TSC had a policy or practice of requiring employees to perform unpaid pre and post shift work and fails to allege any facts describing the nature or her duties and those she seeks to represent.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 570. Defendants are correct that the Sixth Circuit has not yet issued any binding precedent on the appropriate pleading standard for FLSA overtime claims. Furthermore, Defendants correctly point out that courts within the Sixth Circuit vary as to the level of factual support claimants need to plead in a complaint to satisfy the *Twombly/Iqbal* standard in FLSA

overtime claims.

The Court begins its analysis with the Sixth Circuit and Supreme Court's holding that the *Twombly/Iqbal* standard "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*;" *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)), and that courts should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. Mere recitation of the statute and its elements is insufficient to state a claim.

Those circuits that have adopted a stricter pleading standard have held for example that an allegation that a plaintiff "regularly worked hours over 40 in a week and were not compensated for such time" was "one of those borderline phrases" that, "while not stating [an] ultimate legal conclusion[, was] nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). The Second Circuit held *Iqbal* was not satisfied when a plaintiff failed to "estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013). It further required that at a minimum plaintiff must allege "an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). A court within this circuit has held, "a plaintiff may meet this standard by pleading facts in support of his conclusions, such as an imprecise numeric estimate of uncompensated hours or unpaid wages,

7

to push the strength of his complaint from "possibility" to "plausibility."  *Hall v. Plastipak*, No. 15-11428, 2015 WL 5655888, at *3 (E.D. Mich. Sept. 25, 2015).

However, other courts within this circuit have applied a more lenient pleading standard.  In *Comer v. Directv, LLC.,* the court held that when a plaintiff alleges they were not paid overtime or minimum wage in an average workweek and approximated their weekly hours, the federal pleading standard was satisfied.  *Comer v. Directv, LLC,* No. 2:14-CV-1986, 2016 WL 853027, at *10 (S.D. Ohio Mar. 4, 2016).  *Comer* also cited to the following cases within the Sixth Circuit applying the less stringent pleading standard in FLSA cases.  *Doucette v. Directv, Inc.,* 2015 WL 2373271, at *7 (W.D. Tenn. May 18, 2015); *Mabry v. Directv, LLC.,* No. 3:14 CV 00698, 2015 WL 5554023, at *4 (W.D. Ky Sept. 21, 2015) (quoting *Landers* v. *Quality Comm., Inc.* 771 F.3d 638, 641–42 (9th Cir. 2014). ("*Twombly* and *Iqbal* do not require a FLSA plaintiff to plead 'in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages.'").

Against this backdrop the Court holds Plaintiff's FAC alleges facts sufficient to support her claims.  Plaintiff alleges she and other similarly situated manufacturing employees were only paid for work from the beginning of their scheduled shifts to the end and were not paid for getting tools and equipment needed to do their jobs; walking to and from assigned work areas; taking information from prior shift employees and performing their production work.  (FAC para. 28).  Plaintiff alleges the above unpaid work resulted in unpaid time of between 20 to 30 minutes each day. (*Id*).  This unpaid time was due to Defendants' policies and practices and she worked on average 1.5 to 2.5 hours a week of unpaid overtime.

(*Id* at para. 32). Plaintiff also alleges she was employed by Defendants from December 2017 to March 2018 as a material handler. (*Id.* at para. 18). Based on these allegations, Plaintiff has asserted sufficient facts to support plausible claims under the FLSA and OMFWSA as they assert the kind of work Plaintiff and the putative class performed that went unpaid. She further asserts the approximate time she performed these duties each day and the amount of unpaid overtime she estimates resulted from this unpaid work.

Contrary to Defendants' argument, the Court further holds Plaintiff has asserted sufficient facts supporting her claim that the alleged FLSA and OMFWSA violations were done with the knowledge of Defendants. Plaintiff asserts that the above described work performed by Plaintiff and the putative class without pay was required by Defendants for Defendants' benefit and was done pursuant to Defendants' policies or practices that employees be paid only for work performed between their scheduled start and stop times. These are more than sufficient to satisfy the federal pleading standard.

Regardless of the more lenient standard favored by courts within the Sixth District or the more strict standard applied by some circuit courts, the Court holds Plaintiff's FAC asserts sufficient facts to satisfy the *Twombly/Iqbal* plausibility standard and allows Defendants sufficient notice of the claims in order to defend them; i.e., Plaintiff's job title, dates worked, the duties performed for which she was not paid and the approximate hours per week which she worked overtime without pay per Defendants' practices and policies.

**TSC as Joint Employer**

TSC's Motion to Dismiss incorporates Voss's arguments but further contends Plaintiff's FAC fails to sufficiently alleges facts supporting her claim that TSC is a joint

9

employer of Plaintiff.

"The issue of joint employment for the FLSA 'depends upon all the facts in the particular case.' " *Keeton v. Time Warner Cable*, No. 2:09-CV-1085, 2010 WL 2076813, at *2 (S.D. Ohio May 24, 2010) (citing 29 C.F.R § 791.2(a); *and Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.,* 927 F.2d 900, 902 (6th Cir. 1991)) (the determination of "joint employer [status] is essentially a factual issue").

Although the Sixth Circuit has not yet established a joint employer test for claims brought under the FLSA, in Title VII cases the Sixth Circuit has instructed courts to look at three factors: "exercise of authority to hire, fire, and discipline, control over pay and insurance, and supervision." *Sanford v. Main Street Baptist Church Manor, Inc.,* 327 Fed.Appx. 587, 594 (6th Cir. 2009).

In cases involving labor disputes between unions and employers the Sixth Circuit has considered four factors: "the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Keeton*, 2011 WL 2618926, at *3 (citing *Int'l Longshoremen's Ass'n, AFL-CIO.*, 927 F.2d at 902).

The FLSA's definition of " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).3 "In light of its remedial purpose, the FLSA defines 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). If a worker is found to be "jointly employed by two entities, each of [them] is responsible for complying with the FLSA." *Skills Dev. Servs., Inc. v. Donovan*, 728 F.2d 294, 300 (6th Cir. 1984). Whether joint employment exists "depends

upon all the facts in the particular case." 29 C.F.R. § 791.2(a).

The FAC alleges the following: Defendants were either a joint employer or single enterprise due to their "interrelation of operations, common business purpose and activities, common management, common control of labor relations and common ownership and financial control." (FAC para. 13). TSC is a temporary third-party staffing agency that supplied employees to Defendant Voss. (*Id.* para. 16). Defendants employed Plaintiff as a material handler. (*Id.* para.18). Defendants had the authority to hire, fire, and discipline Plaintiff. (*Id.* para. 20). Defendants maintain employment, time and pay records of Plaintiff. (*Id*. para. 21). Defendants controlled the manner in which Plaintiff performed her work, including: hours worked, days worked, locations worked, how she performed her work and promulgated the rules and policies Plaintiff was required to work. (*Id.* para. 22). Defendants controlled the rate and method of pay. (*Id*. para. 23).

Each of the above allegations are factual allegations that can be proven or disproven by evidence and, if taken as true as this court is required to interpret them at this stage of the proceedings, would establish TSC as a joint employer of Plaintiff and those similarly situated to her. However, TSC is not foreclosed from raising these issues after discovery.

**Motion to Strike Class Allegations**

Defendants move alternatively to strike the class allegations. According to Defendants, Plaintiff cannot satisfy the Fed. R. Civ. P. 23 requirements of commonality, typicality, predominance and superiority. According to Defendants, class certification is inappropriate as the claims and defenses will require evidence that is not common to the class. To determine hours worked beyond 40 hours in any given week will require highly

11

individualized inquiry. Also, Defendants argue that without sufficient factual allegations as to Defendants' knowledge that employees were working overtime without payment and without identifying specific policies or practices that violated the law, Plaintiff cannot show commonality. Defendants further argue that because Plaintiff seeks to include in the class employees of Defendants with different job titles, she lacks commonality with those employees as she fails to describe her job duties relative to those of the other class members. In the absence of such descriptions, the Court cannot determine whether the class members are similarly situated. The above issues also would defeat the superiority and typicality requirements.

Plaintiff opposes the Motion to Strike, contending that such motions are widely disfavored. Plaintiff argues that she can satisfy the Rule 23 requirements because all members of the putative class suffered from the same policies or practices of Defendants, namely that all performed work before or after their scheduled start and stop times for which they were entitled to be paid but were not. These unpaid duties include those described previously. Also, Defendants failed to pay for overtime work. Because the resolution of these issues will affect the putative class members across the different job duties, class certification is the superior method. In addition, even if damages will be individualized, common issues predominate and thus class action is the superior method.

**Standard of Review on Motion to Strike Class Allegations**

"If the Court determines that the Complaint does not allege facts that would satisfy the demands of Rule 23, it may strike class action allegations prior to any motion for class certification." *Progressive Health & Rehab Corp. v. Quinn Med., Inc.,* 323 F.R.D. 242, 244

(S.D. Ohio 2017) *Geary v. Green Tree Servicing, LLC*, No. 2:14–CV–00522, 2015 WL 1286347, at *15–16 (S.D. Ohio Mar. 20, 2015) (citing *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 941–44 (9th Cir.2009)).

Federal Rule of Civil Procedure 12(f) reads, "the court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "Motions to strike are generally disfavored, and the resolution of such motions is reserved to the sound discretion of the trial court." *Wausau Benefits v. Progressive Ins. Co.,* 270 F.Supp.2d 980 (S.D. Ohio 2003). "A Rule 12(f) motion is designed 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kennedy v. Cleveland,* 797 F.2d 297, 305 (6th Cir.1986). "In class actions, the Sixth Circuit has held that when discovery cannot cure the central defect in the class claim, class allegations may be stricken from the complaint." *Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir.2011). *World, L.L.C v. Atlas Choice Corp.,* No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015). "[C]ourts should exercise caution when striking class action allegations based solely on the pleadings," *Manning v. Boston Med. Ctr. Corp.,* 725 F.3d 34, 56 (1st Cir.2013), because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,." *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (internal citations and quotations omitted). *See also Mazzola v. Roomster Corp.,* 849 F.Supp.2d 395, 410 (S.D.N.Y.2012) ("[A] motion to strike class actions ... is even more disfavored because it requires a reviewing court to

preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification"). See also *Sauter v. CVS Pharmacy, Inc.,* No. 2:13-CV-846, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014).

The Court has already determined that the allegations in the FAC meet the *Twombly/Iqbal* standard. Therefore, insofar as the same arguments are relied on to support striking the class allegations, they are denied. The Court also finds the allegations in the FAC are not so flawed as to support a motion to strike. At this stage of the proceedings the Court cannot say that factual development will fail to cure any alleged defect in the pleadings. The Court has found no such defect and recognizes that factual development into the policies and practices of Defendants, along with the facts regarding the application of such policies or practices across the spectrum of manufacturing employees, will ultimately determine if the class suffered a deprivation of their rights under the OMFWSA to be paid for work performed and for overtime pay. The Court cannot say at this point that the claims do not lend themselves to class certification in the absence of discovery and the Court cannot hold that the class did not suffer from such alleged deprivations in pay due to Defendants' alleged OMFWSA violating policies or practices which were applied classwide. While discovery may result in findings adverse to Plaintiff's class allegations the Court holds that at this stage the allegations are sufficient. Consequently, the Court denies Defendants' Motion to Strike.

Therefore, for the foregoing reasons, the Court denies Defendants' Motions to Dismiss and Motions to Strike. However, Defendants are not foreclosed from raising many of these issues again after discovery is completed.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated: May 31, 2019